IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAMELA MOORE                                                              PLAINTIFF

v.                    CIVIL NO. 2:18-CV-2198

ANDREW M. SAUL,[1] Commissioner,
Social Security Administration                                            DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Pamela Moore, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. <u>See</u> 42 U.S.C. § 405(g).

Plaintiff protectively filed an application for DIB on June 4, 2012, alleging an inability to work since August 2, 2010, due to obesity and bilateral carpal tunnel syndrome. (Tr. 68, 69, 325). For DIB purposes, Plaintiff maintained insured status through December 31, 2016. (Tr. 325). An administrative hearing was held on July 17, 2013, at which Plaintiff and Floyd Massey, Jr., Vocational Expert, were present and testified. (Tr. 75). The ALJ issued a written

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

opinion on September 27, 2013, where he found that Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 83). Plaintiff subsequently appealed the decision to the Appeals Council, who remanded the case back to the ALJ on January 15, 2015. (Tr. 88-90). A second administrative hearing was held on August 6, 2015, where Plaintiff and a vocational expert testified. (Tr. 95).

The ALJ issued a second opinion on March 29, 2016, where he found that the Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 107). Plaintiff subsequently filed an appeal of that decision to the Appeals Council, who remanded the case back to the ALJ on June 29, 2017. (Tr. 115-119).

A third hearing was held on December 5, 2017, and Plaintiff and Monte Lumpkin, Vocational Expert, appeared and testified. (Tr. 31-67). In a written opinion dated March 14, 2018, the ALJ found that the Plaintiff had the following severe impairments: seizure disorder, chronic obstructive pulmonary disease, carpal tunnel syndrome, osteoarthritis, and obesity. (Tr. 11). However, after reviewing the evidence in its entirety, the ALJ determined that the Plaintiff's impairments did not meet or equal the level of severity of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). (Tr. 11-12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b), except for the following: she must avoid concentrated exposure to pulmonary irritants and gases; she could not climb ladders, ropes or scaffolds and must avoid hazards including unprotected heights and moving machinery; she could occasionally climb stairs and ramps, balance, crouch, crawl, kneel or stoop; she could frequently finger bilaterally and could frequently reach bilaterally but was limited to occasional handling with the non-dominant upper extremity; and she was limited to simple routine tasks

and could respond to supervision that was direct and concrete. (Tr. 12). With the help of the VE's responses to interrogatories, the ALJ determined that although Plaintiff was unable to perform her past relevant work, based on her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a dealer accounts investigator, a counter clerk, and a furniture rental consultant. (Tr. 21). Ultimately, the ALJ concluded that the Plaintiff had not been under a disability within the meaning of the Social Security Act from August 2, 2010, the alleged onset date, through September 30, 2017, the date last insured. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, but the request was denied on September 26, 2018. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 6th day of February, 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE